IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**BEAU DOUGHERTY,**

    **Plaintiff,**

    v.                     CASE NO. 15-3142-SAC-DJW

**DANIEL ARKELL,**
**et al.,**

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff filed this pro se action on forms for a civil complaint under 28 U.S.C. § 1331, while he was confined at the Ford County Detention Center in Dodge City, Kansas.[1] The court liberally construes this action as brought under 42 U.S.C. § 1983 instead, because plaintiff does not complain about the acts of federal officials. Plaintiff also filed a Motion for Leave to Proceed in forma pauperis. The financial information provided in support indicates that plaintiff does not have funds to pay either the full or an initial partial filing fee at this time. Accordingly, the court grants this motion.[2] Having examined all the materials filed, the court dismisses this

---

[1] Plaintiff has properly notified the court of his change of address to the Larned State Hospital in Larned, Kansas.

[2] Plaintiff is reminded that under 28 U.S.C. § 1915(b)(1) he is not relieved of the obligation to pay the full fee of $350.00. Instead, he is permitted to pay the fee over time through payments deducted automatically from his inmate trust fund account.

action for several reasons discussed below but mainly because plaintiff fails to state a claim against either named defendant.

**I. ALLEGATIONS AND CLAIMS**

The scanned version of the complaint is mostly illegible. The clerk provided the court with the original pleading, which is normally discarded after scanning.[3] The original contains more legible phrases. The court has screened the legible portions of the complaint, and finds numerous deficiencies.

Plaintiff begins making allegations in the section for explaining if the defendant was acting under color of state law. With respect to defendant Daniel Arkell, plaintiff alleges that this attorney avoided plaintiff's interest, did not communicate as requested, failed to acknowledge that plaintiff fired him more than twice, failed to acknowledge "a stay from execution from Supreme Court," and sought another competency evaluation with transfer to Larned. With respect to defendant Joseph Favre, plaintiff writes that this Assistant Ford County Attorney "brought an approved order for competency evaluation" at Larned after signing for an evaluation to be performed by Compass Behavioral Health, and "on May 8, 2015 again without (plaintiff) present approved another order for competency evaluation" at Larned "before impending deliberation (was) complete on 20 May

---

[3] Plaintiff has recently filed three actions with illegible phrases. If he files additional actions, the pleadings must be legible or they will be returned by the clerk. Plaintiff is advised to use pen and write larger letters.

2015 in regards to challenge with stay from execution to first order of transfer." In the space for providing the "background" of this case, plaintiff continues as follows. Defendant Arkell, defendant Favre and "a judge" ordered competency evaluation with transfer to Larned with no appearance in court by plaintiff for perception of competency and "with no intercession" from Supreme Court for writ of habeas corpus. An order issued on March 13, 2015, for evaluation by Compass, and on same day plaintiff was told by Brian Tones that Compass does not do evaluation. Deputies issued "incident narratives with false statements." Plaintiff has "turned in grievances and medical requests stating" that he has been "diagnosed as having softened brain (illegible) matter from head trauma" and requesting that charges be filed against two detainees for hitting him; and that he has been told that he needs brain imaging due to additional trauma, brain hemorrhaging and aneurism, but the two medical providers think its psychological. The rest of plaintiff's background facts are illegible or unintelligible.

As Count I in his complaint, plaintiff claims "discrimination." As facts in support, he alleges that on March 13 and April 17 of 2015, he was "transported to a room with no appearance @ any court," and defendants and "ordering judge knew that." In addition, he alleges "attainment of bond was available before."

As Count II, plaintiff claims "raqueteering (sic) & exhtortian (sic)," by which the court assumes he means racketeering and extortion. In support, plaintiff alleges "inside trading and slavery." He writes other allegations that are illegible or incomprehensible. For example, he writes that he was transported twice without appearance in any court "for assistance to accumulate monetary capital for parametering a tier within bracket to obtain revenue."

As Count III, plaintiff claims "perjury." In support, he alleges that "bond was ordered if available, then competency evaluation by Compass Mental Health with transfer to Larned Security Hospital then to hospital on March 13, 2015."

Finally, plaintiff attaches a scrap of paper to his complaint in which he alleges: Accessory to Endangerment – brain hemorrhaging "endnaurism"; "Political Vendictivness (sic) – he has let it be known that he is seeking election as president; medicine negligence; and "Perjury – lied on legal documents." He then lists names and draws arrows to the above phrases. He also complains that court required him to show competency after telling him that he did not finish paying his fines and to conduct community service or stay at jail, which he asserts is extortion, racketeering, slavery or inside trading. In addition, he alleges malicious intent to cause disability or murder by poisoning, and that "Ford County" tampered with

evidence by throwing away his "brain fluid clot and matter that came out when brain hemorrhaged."

Plaintiff requests "freedom" with no monitoring. He also requests an "award" of "up to three hundred seventy six million dollars."

## II. SCREENING

Because plaintiff filed this action while in jail, the court is required by statute to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b); 28 U.S.C. § 1915(e)(2)(B). "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48-49 (1988); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement

5

to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Furthermore, a pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did it; how the defendant's action harmed (the plaintiff); and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

**III. DISCUSSION**

Plaintiff fails to state a claim against the only two defendants named in the caption. As noted, to state a claim under § 1983, a plaintiff must show that the alleged

constitutional deprivation was committed by a person acting under color of state law. *West*, 487 U.S. at 48–49 (1988). The "under color of state law" requirement is a jurisdictional requisite. *Id.* at 42; *Polk County v. Dodson*, 454 U.S. 312 (1981). A criminal defense attorney and a private attorney do not act under color of state law. *Id*. In addition, a county attorney is absolutely immune from civil liability for damages for "acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State." *Stein v. Disciplinary Bd.*, 520 F.3d 1183, 1193 (10th Cir. 2008)(citing *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 209 (1993)); see *Imbler v. Pachtman*, 424 U.S. 409, 431, (1976)). Thus, plaintiff fails to state a cognizable claim against either defendant.

Plaintiff also fails to support each claim with a set of comprehensible and adequate facts. He fails to provide at least a brief description of a factual scenario including specific dates and locations during which he believes his constitutional rights were violated. Plaintiff complains about a competency evaluation, but does not state clear facts to support his challenge. Plaintiff's request for charges to be filed against inmates that allegedly hit him does not amount to a federal constitutional claim. Inmates do not act under color of state law. Moreover, neither jail officials nor the federal court has

7

authority to determine who should be prosecuted under state laws. Plaintiff alleges no facts indicating that he was actually diagnosed with a brain condition that went untreated, and he fails to name any individual involved in denying treatment along with a description of that person's unconstitutional acts.

Plaintiff's request for freedom is habeas in nature. Such claims may not be litigated in this civil complaint. Instead, a petition for habeas corpus relief is a state prisoner's sole remedy in federal court for a claim of entitlement to freedom from confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973); *McIntosh v. United States Parole Commission*, 115 F.3d 809, 811 (10th Cir. 1997). Furthermore, Mr. Dougherty has been informed in two prior cases based on many of the same allegations that a prerequisite to filing a habeas corpus petition in federal court is full exhaustion of all levels of administrative appeal, as well as all remedies available in the state courts.

Plaintiff's claims for damages appear to be barred by federal statute. Section 1997e(e) . . . provides in pertinent part:

> No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury. . . .

42 U.S.C. § 1997e(e). Plaintiff has not described any physical injury that arose from the alleged acts of the named defendants. His allegations of "injuries to his liberty" and discrimination do not suggest physical injury.

Some of the claims in the complaint are subject to dismissal because plaintiff appears to have improperly joined parties and/or unrelated claims in this single action. Plaintiff mentions several claims, some of which do not involve the two named defendants and do not arise from the same transaction or occurrence. For example, his claims regarding medical requests and poisoning do not allege any involvement by the named defendants or connection to his competency evaluation complaints. To permit plaintiff to proceed in this single action on unrelated claims against different defendants would allow him to avoid paying the filing fees required for separate actions. It might also permit him to circumvent the three strikes provision set forth in 28 U.S.C. § 1915(g).

Similarly, plaintiff fails to allege facts showing the personal participation of the two named defendants in all the claims mentioned in his complaint. Plaintiff fails to name as defendants each individual directly involved in each scenario, such as any alleged denial of medical treatment, along with a

9

description of the acts or inactions of that person which allegedly violated his constitutional rights.

As noted, to state a claim under § 1983, plaintiff must "allege the violation of a right secured by the Constitution and laws of the United States." Plaintiff makes no reference to any federal constitutional provision or federal law in his complaint. He may believe that the U.S. Constitution was violated but simply failed to specify the constitutional provision. However, the court is not free to "construct a legal theory on a plaintiff's behalf."

Given the numerous serious deficiencies in the complaint and plaintiff's prior filing of similar actions, the court finds that giving plaintiff an opportunity to amend would be futile. Accordingly, the Court summarily dismisses this action pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), (iii); 28 U.S.C. §1915A(b)(1),(2).

**IT IS THEREFORE ORDERED** that this action is dismissed, without prejudice, and all relief is denied.

**IT IS FURTHER ORDERED** that plaintiff's motion to proceed in forma pauperis (Doc. 2) is granted.

**IT IS SO ORDERED.**

**Dated this 26th day of February, 2016, at Topeka, Kansas.**

        **s/Sam A. Crow**
        **U. S. Senior District Judge**